Mustafa Soltani, Appellant
v.
William Degnan
No. 2348 C.D. 2007.
Commonwealth Court of Pennsylvania.
Submitted: April 25, 2008.
Filed: June 18, 2009.
BEFORE: LEADBETTER, President Judge; PELLEGRINI, Judge; LEAVITT, Judge.

OPINION NOT REPORTED
MEMORANDUM OPINION BY PRESIDENT JUDGE LEADBETTER
Mustafa Soltani appeals from the Order of the Court of Common Pleas of Philadelphia County, First Judicial District, which granted William Degnan's Motion for Summary Judgment and entered judgment in Degnan's favor.[1]
Soltani is an owner of certain condominium units located in Rhawnwoods Condominiums in the City of Philadelphia. Degnan is a condominium unit owner in the same complex, and he also serves as an officer of the Rhawnwoods Condominium Association (RCA). On March 13, 2005, a fire damaged several condominium units and some common areas of the condominium complex. Soltani owned two of the units directly affected by the fire. The fire was a covered loss under the RCA's purchased policy of insurance; Soltani did not have individual coverage for his units. When Degnan, apparently at the time the only person serving as an officer of the RCA, attempted to adjust the fire loss and have the property repaired, he and Soltani disagreed as to how the payments from the insurance company should be handled and how the repairs should be conducted and by whom. Soltani complained that he was not made a full part of the process despite his interest in certain of the damaged condominium units and that Degnan and the RCA were acting ultra vires in adjusting his loss and settling his claim.[2]
In August 2005, Soltani filed a complaint in equity against the RCA, requesting, inter alia, that it immediately account for the money received as a result of what he dubbed to be his claim, that the RCA be compelled to correct building code violations and abate any nuisance created by the debris from the fire-damaged property, that the RCA be compelled to abide by its rules and elect a new board of directors to conduct the RCA's business, and that the RCA immediately pay Soltani all money collected on his claim and give him the authority to pursue the claim directly with the insurance company. The RCA filed an answer, new matter, and counterclaim to Soltani's complaint, and, thereafter, filed an emergency petition for injunctive relief, seeking access to Soltani's condominium units in order to restore and repair them due to fire damage. On November 30, 2005, common pleas issued an order granting the RCA's emergency petition.
In December 2005, Soltani filed a complaint against Degnan individually. In June 2006, common pleas issued orders denying Soltani's motion to consolidate the cases, sustaining Degnan's preliminary objection in the nature of a more specific pleading with respect to count two of the complaint (negligence), and overruling all of Degnan's other preliminary objections. Shortly thereafter, Soltani filed an amended complaint against Degnan, likewise seeking damages for acts of conversion, negligence, breach of fiduciary duty, and abuse of process.[3] After Soltani failed to comply with a February 26, 2007 common pleas order granting Degnan's motion to compel Soltani's full and complete answers to a request for production of documents, common pleas granted Degnan's motion for sanctions, providing in salient part:
[U]pon consideration of Defendant William Degnan's Motion for Sanctions, it is hereby ORDERED and DECREED that Defendant's Motion is GRANTED and pursuant to Pa. R.C.P. § 4019(c)(2), Plaintiff Soltani is precluded from presenting any evidence at trial, including documents, things or testimony, to support or oppose designated claims or defenses. It is further ORDERED pursuant to Pa. R.C.P. § 4019(g)(1) that Plaintiff shall pay to Defendant the reasonable expenses, including attorney fees, incurred in obtaining the order of compliance and the order for sanctions in the amount of $350.00.
See Certified Record (C.R.), Order dated May 7, 2007.[4] Degnan's motion for sanctions clearly designates the torts of conversion, negligence, breach of fiduciary duty, and abuse of process as Soltani's claims.
Subsequently, Degnan filed a motion for summary judgment,[5] arguing that, with the completion of discovery, Soltani has not shown that he could prevail on any of his asserted theories of liability. As a matter of interest, Degnan failed to mention in his motion for summary judgment common pleas' May 7, 2007 order precluding Soltani from presenting any evidence at trial, although, in his accompanying memorandum, he did state that "[t]he discovery period has closed and [Soltani] has produced no expert reports in this matter." See C.R., Memorandum of Law in Support of Defendant William Degnan's Motion for Summary Judgment at 6 (emphasis added). Likewise without reference to the May 7, 2007 sanctions order, common pleas agreed with Degnan's position and granted his summary judgment request. After transfer of Soltani's appeal from Superior Court, we now consider his various arguments that common pleas erred in granting Degnan's motion and in thereby dismissing all counts of Soltani's complaint.[6]
Soltani begins by asserting that he produced evidence of a genuine issue of material fact with respect to each count of his complaint (conversion, negligence, breach of fiduciary duty, and abuse of process) and, therefore, all four counts should be submitted to a jury.[7] Pennsylvania Rule of Civil Procedure No. 1035.2 provides:
After the relevant pleadings are closed, but within such time as not to unreasonably delay trial, any party may move for summary judgment in whole or in part as a matter of law
(1) whenever there is no genuine issue of any material fact as to a necessary element of the cause of action or defense which could be established by additional discovery or expert report, or
(2) if, after the completion of discovery relevant to the motion, including the production of expert reports, an adverse party who will bear the burden of proof at trial has failed to produce evidence of facts essential to the cause of action or defense which in a jury trial would require the issues to be submitted to a jury.
Our Supreme Court explained in Ario v. Ingram Micro, Inc., ___ Pa. ____, 965 A.2d 1194, 1200 (2009):
Under the rules, a motion for summary judgment is based on an evidentiary record that entitles the moving party to judgment as a matter of law. [Pa. R.C.P. No. 1035.2.] In considering the merits of a motion for summary judgment, a court views the record in the light most favorable to the non-moving party, and all doubts as to the existence of a genuine issue of material fact must be resolved against the moving party. Fine v. Checcio, 582 Pa. 253, 265, 870 A.2d 850, 857 (2005). [A] court may grant summary judgment only where the right to such judgment is clear and free from doubt. Id. (citing Marks v. Tasman, 527 Pa. 132, 589 A.2d 205 (1991)).
The Ario court also stated:
[I]t is worth noting that a non-moving plaintiff bears some evidentiary burden to survive a defense summary judgment motion, as this Court has explained:
[a] non-moving party must adduce sufficient evidence on an issue essential to his case and on which he bears the burden of proof such that a jury could return a verdict in his favor. Failure to adduce this evidence establishes that there is no genuine issue of material fact and the moving party is entitled to judgment as a matter of law.
___ Pa. at ___, n.15, 965 A.2d at 1207, n.15.
Against this backdrop, Soltani now makes a variety of arguments as to why he should be permitted to pursue his multi-count complaint against Degnan and why these claims should not be dismissed out-of-hand. However, it is clear that the May 7, 2007 order that apparently still stands, and which Soltani does not challenge here, completely deprives him of the ability to prove his various tort theories.[8] Again, Soltani has been "precluded from presenting any evidence at trial, including documents, things or testimony, to support or oppose designated claims or defenses." In short, Soltani does not have at his disposal the evidentiary tools necessary for meeting his burden of proof. Without the wherewithal to produce sufficient evidence on any issue essential to his case  indeed, without the wherewithal to produce any evidence at all  there can be no question that Soltani's claims must fail and that Degnan, as the moving party, is entitled to judgment as a matter of law.
Order affirmed.[9]

ORDER
AND NOW, this 18th day of June, 2009, the Order of the Court of Common Pleas of Philadelphia County, First Judicial District in the above captioned matter is hereby AFFIRMED.
NOTES
[1] Although this appeal is not within our jurisdiction as defined by Section 762(a)(5) of the Judicial Code, 42 Pa. C.S. § 762(a)(5), given that Superior Court transferred the matter here, we now proceed to decide it.
[2] Soltani takes much issue with the fact that Degnan performed his officer duties alone during this critical time, although the RCA's Code of Regulations clearly provides that "[t]he business, operation and affairs of the Property and of the Association shall be managed on behalf of the Unit Owners by a board of three natural individuals. . . ." See Certified Record (C.R.), Code of Regulations of Rhawnwoods-Duplexes Condominium at 4.
[3] The equity action for accounting was deferred pending the outcome of his complaint sounding in tort.
[4] Pennsylvania Rule of Civil Procedure No. 4019(c)(2) [relating to sanctions] provides:

The court, when acting under subdivision (a) of this rule, may make
. . . .
an order refusing to allow the disobedient party to support or oppose designated claims or defenses, or prohibiting such party from introducing in evidence designated documents, things or testimony, or from introducing evidence of physical or mental condition. . . .
[5] His first motion in this regard was denied without prejudice for failure to comply with a local rule. His renewed motion is the subject of this appeal.
[6] Because review of an order granting summary judgment presents solely an issue of law, our review is plenary.
[7] Soltani also argues that common pleas erred by effectively crediting Degnan's deposition testimony over Soltani's in violation of the well-settled rule in Nanty-Glo v. American Surety Co., 309 Pa. 236, 163 A. 523 (1932), that common pleas erred by failing to recognize that Degnan usurped control of the RCA in such a way as to shift the burden of proof to Degnan to justify his actions and account for the RCA's assets, especially in light of the court's order that Degnan do so in a companion case, and that common pleas erred by failing to compel an accounting or elect a three-person council to run the RCA pursuant to the RCA's rules and regulations, until a proper election could be held.
[8] We have checked the dockets and do not see that this order has been somehow rendered void or otherwise ineffective.
[9] Even were we to address Soltani's various tort theories on the merits, our review of the evidentiary record satisfies us that they would fail for the reasons substantially set forth in common pleas' opinion in Soltani v. Degnan, 2 Pa. D. & C.5th 195 (Phila. 2007).